UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FISHER,

        Plaintiff,        Civil Action No.: 17-13159
                            Honorable Laurie J. Michelson
        v.                 Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NO. 14,15]**

Plaintiff Matthew Fisher appeals a final decision of Defendant Commissioner of Social Security (Commissioner) denying his application for Disability Insurance Benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, which were referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

•    the Commissioner's motion [ECF No. 15] be **GRANTED**;

•    Fisher's motion [ECF No. 14] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Claimant's Background and Claimed Disabilities

Fisher is a combat veteran of the Armed Forces who was twice hit by IEDs during deployment, resulting in chronic back and neck pain and headaches. He subsequently qualified for 100% service-connected veteran's disability benefits on the basis of his back and neck pain and a diagnosis of post-traumatic stress disorder (PTSD). Fisher claims he is disabled from all work due to symptoms of these conditions, as well as due to chronic pain stemming from an old ankle injury, exacerbated during his military service.

### B. Procedural History

Fisher originally filed an application for DIB, alleging disability as of February 11, 2010. [ECF No.11-16, Tr. 1832]. The claim was denied and an administrative hearing was held on April 16, 2014. [ECF No. 11-17, Tr. 1925; ECF No. 11-16, Tr. 1891-1921]. In a May 19, 2014 written decision, the ALJ found Fisher not disabled. [ECF No. 11-17, Tr. 1925-1938]. After the Appeals Council denied review, Fisher sought judicial review from the District Court. [*Id.*, Tr. 1943-1945]. Upon the District

Court's referral of the parties' cross motions for summary judgment, this Court determined that the ALJ ignored an opinion of one of Fisher's treating physicians and recommended that the Commissioner's decision be reversed and remanded for proper evaluation of the treating source's opinion. [*Id.*, Tr. 1950-1966]. The District Court agreed, adopting this Court's report and recommendation and reversing and remanding the Commissioner's decision for further consideration. [*Id.*, Tr. 1949, 1967-68].

Pursuant to the District Court and Appeals Council's remand order, the ALJ consolidated Fisher's subsequent application for disability benefits with the remanded claim, created a single administrative record and conducted a new hearing on June 28, 2016, at which both Fisher and a vocational expert (VE) testified. [ECF No. 11-16. Tr. 1832, 1856-1890]. In a September 30, 2016 decision, the ALJ again found Fisher not disabled. [*Id.*, Tr. 1832-1849]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Fisher timely filed for judicial review of this final decision. [ECF No. 1].

    **C.**    **The ALJ's Application of the Disability Framework**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

3

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying the sequential analysis, the ALJ concluded that Fisher was

not disabled. At step one, the ALJ determined that Fisher had not engaged in substantial gainful activity from his alleged onset date through his date last insured. [ECF No. 11-16, Tr. 1834]. At step two, the ALJ identified severe impairments of:

> Status-post improvised explosive device blast injuries; osteoarthritis of the right ankle; lumbar spondylosis with herniated disc at L4-5; cervical spondylosis with C6-7 bulge; posttraumatic stress disorder (PTSD); major depressive disorder; opioid dependence; cannabis dependence; migraine headaches; and seizure disorder.

[*Id.*] At step three, the ALJ determined that none of Fisher's severe impairments, considered either alone or in combination, met or medically equaled a listed impairment. [*Id.*, Tr. 1835-36]. In making this determination, the ALJ found that Fisher had no more than mild limitations in activities of daily living, moderate difficulties in social functioning and moderate difficulties in maintaining concentration, persistence and pace, with no episodes of decompensation. [*Id.*, Tr. 1835].

Next, the ALJ assessed Fisher's RFC, finding him capable of light work that included lifting twenty pounds occasionally and ten pounds frequently, no more than four hours of standing and/or walking and six hours of sitting, with the need of a sit/stand option at least every 30-45 minutes. [*Id.*, Tr. 1836]. Fisher could only occasionally bend, stoop, crouch, kneel, climb or crawl, could not squat or climb ladders, ropes or

5

scaffolds and could not reach overhead. [*Id.*]. He was also limited to simple, routine work, between one- and three-step instructions in a low stress environment (defined as requiring no quick decision-making or judgment on the job). [*Id.*]. Fisher could not interact with the public and only occasionally with coworkers. [*Id.*]. He could not perform fast-paced or high-production jobs, or ones that would subject him to frequent changes in task expectations or locations. [*Id.*]. He was to avoid operating vehicles as well as hazards such as open bodies of water, open flames, moving machinery, sharp objects and unprotected heights. [*Id.*].

Based on this RFC, the ALJ concluded at step four that Fisher could not return to his past relevant work in the military or his previous job of sales route driver. [*Id.,* Tr. 1847]. At step five, however, the ALJ found, with the assistance of VE testimony that there were a significant number of other jobs in the national economy that Fisher could still perform, such that he was not disabled, including the jobs of machine feeder and small products assembler. [*Id.,* Tr. 1848].

## II. ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r*

*of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Fisher argues that the decision is not supported by substantial evidence because the ALJ failed to properly evaluate the disability findings of the Veteran's Administration (VA) and the opinion evidence relating to his PTSD.  The Court disagrees and recommends that the ALJ's decision be affirmed.

**A**.

Fisher contends that the ALJ erred by giving little or no weight to his 100% disability determination from the VA.  [ECF No. 14, PageID.2724-25]. Fisher concedes that the Commissioner is not bound by the VA decision, but asserts that VA disability determinations must be given some evidentiary weight, and that weight cannot be diminished without an adequate explanation of valid reasons for doing so.  Fisher maintains that

7

the ALJ erred by wholly rejecting the VA's findings without adequate explanation. [*Id.*, PageID.2726].

ALJs are not bound to accept the disability rating made by the VA. *Ritchie v. Comm'r of Soc.Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013). The Social Security disability rules are clear:

> A decision by any ... other governmental agency about whether you are disabled ... is based upon its rules and is not our decision about whether you are disabled.... We must make a disability ... determination based on social security law. Therefore, a determination made by another agency that you are disabled ... is not binding on us.

*Id.* (citing 20 C.F.R. § 404.1504). A disability rating from the VA is entitled to consideration, but the Sixth Circuit has not specified the weight such a determination should carry when determining Social Security disability eligibility. *Id.* (citing *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir.1984). Also, because the VA relies on independent and distinct criteria to assess disability, its determination does not control whether a claimant is eligible for Social Security disability benefits. *See Deloge v. Comm'r of Soc.Sec.*, 540 F. App'x 517, 519 (6th Cir. 2013).

Here, the ALJ specifically considered the disability ratings assigned to Fisher by the VA and the Army. [ECF No. 11-16, Tr. 1847]. The ALJ explains that the VA disability ratings provided little value for evaluating Fisher's disability under the relevant Social Security regulations because

8

the VA ratings do not identify specific functional limitations related to his severe impairments. [*Id.*]. The Court is satisfied that the ALJ appropriately considered Fisher's VA ratings, articulated valid reasons for discounting the VA's disability determination and adequately explained those reasons in her decision. See *Ritchie,* 540 F. App'x at 508; *Deloge*, 540 F. App'x at 519. Remand is not warranted.

### B.

Fisher also argues that the ALJ committed reversible error by discounting the global assessment of functioning (GAF) scores as opinions providing little value for assessing Fisher's sustained level of functioning because they refer to his symptom severity or his level of functioning at the time they were assigned. Fisher asserts that limiting the temporal value of the GAF scores to the day assigned is particularly dubious given the significant weight the ALJ assigned to the opinion of the consulting physician, who interviewed Fisher on just one occasion. [ECF No. 14, PageID.2728-29].

"The GAF scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health. The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score of 50 or below. Scores between 51 and 60 represent moderate

9

symptoms or a moderate difficulty in social, occupational, or school functioning." *Norris v. Comm'r of Soc. Sec.,* No. 11–5424, 461 F. App'x 433, 436 n. 1 (6th Cir. 2012) (citations omitted). In contrast, a GAF score of 61-70 indicates "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *See* Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, p. 32 (4th ed.1994) (emphasis omitted).

The well-established law in the Sixth Circuit does not require an ALJ to give any weight to a GAF score. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 835-36 (6th Cir. 2016). The ALJ here did give limited weight to all of Fisher's GAF scores, ranging from 45 to 65 as his condition improved with treatment. The ALJ also articulated good reason for not giving Fisher's GAF scores more weight.

The ALJ discussed in great detail Fisher's improvement with his PTSD symptoms beginning in late 2012. [ECF No. 11-16, Tr. 1841-44]. The ALJ noted that Fisher's symptoms improved to well below threshold for PTSD in December 2012. [*Id.,* Tr. 1842]. By April 2014, Fisher had

10

decreased his medication dosage without a worsening of his depression or PTSD symptoms. [*Id.*, Tr. 1843]. The ALJ also noted Fisher's October 2014 comment to his treating psychiatrist that he felt the best he had felt since his deployment, which he credited to his medical regimen. [*Id.*] Fisher's improved symptomology continued through 2015 and the time of the hearing. [*Id.*, Tr. 1844]. The ALJ concluded that Fisher's treatment records demonstrate that his symptoms dramatically improve when he maintains compliance with his prescribed medication regimen and that significant exacerbations of his symptoms were isolated to acute times of stress, such as divorce and other legal problems. [*Id.*, Tr. 1845].

Even if, for the sake of argument, the ALJ's discounting of Fisher's GAF scores were error, it would not warrant remand. The Sixth Circuit has held that failure to comport with the treating physician rule may be found harmless if: (1) the opinion is "so patently deficient that the Commissioner could not possibly credit it; (2) the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of [the regulation] even though she has not complied with [its] terms . . ." *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (internal quotation marks and citation omitted).

Here, the ALJ's findings were consistent with Fisher's GAF scores.

11

Fisher emphasizes his GAF scores from 2011 and 2012, which ranged from 45 to 50, indicating serious impairment in social or occupational functioning. But, as noted by the ALJ, Fisher's GAF scores climbed to 65, indicating mild impairment in social or occupational functioning, as his condition improved. [*Id.*, Tr. 1847; ECF No. 11-11, Tr. 987, 1018]. The ALJ's decision accounts for moderate difficulties with social functioning and moderate limitations in concentration, pace and persistence and is thereby consistent with Fisher's GAF scores. Any error in discounting those scores is harmless and does not warrant remand.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 15] be **GRANTED**; that Fisher's motion [ECF No. 14] be **DENIED**; and the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: November 30, 2018

12

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
