UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FISHER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 17-13159
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15], AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]**

      Matthew Fisher applied for Disability Insurance Benefits based upon a host of physical and mental impairments, including osteoarthritis in his right ankle, PTSD, and major depressive disorder. His claim was denied by an Administrative Law Judge (ALJ) in 2014. After seeking judicial review, the District Court remanded the case for proper evaluation of the treating source's opinion. The ALJ held a new hearing and, in September 2016, again found Fisher not disabled. Fisher again seeks judicial review from the District Court. The Court referred all pretrial proceedings to Magistrate Judge Elizabeth Stafford who issued a Report and Recommendation granting the Commissioner's motion for summary judgment and denying Fisher's. Fisher raises two objections to the Report.

      For the reasons that follow, the Court will overrule Fisher's objections and adopt the Report.

# I.

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007); *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." (citations and quotations omitted)).

## II.

### A.

Fisher first objects to the Magistrate Judge's finding that the ALJ properly weighed his disability determination by the Veteran's Administration (VA). In particular, Fisher argues that the ALJ denied him "Due Process" "consistent with 20 C.F.R. 404.1527" as the ALJ failed to provide an explanation for the weight he gave that determination. (ECF No. 18, PageID.2768.)

This argument fails. First, Fisher does not explain why a VA disability determination falls under 20 C.F.R. 404.1527, nor does he cite any law stating that the determination is a medical opinion covered by the regulation. Indeed, case law suggests that a VA disability determination is *not* a medical opinion that an ALJ needs to evaluate under 20 C.F.R. 404.1527. *See DePrez v. Berryhill*, No. 3:16-CV-02632, 2017 WL 4938228, at *2 (M.D. Tenn. Sept. 20, 2017), *report and recommendation adopted sub nom. Deprez v. Soc. Sec. Admin.*, No. 3:16-CV-02632, 2017 WL 4918598 (M.D. Tenn. Oct. 31, 2017) ("While the VA disability rating is evidence an adjudicator must consider along with other evidence in the case record, the disability rating is not a medical opinion that SSA adjudicators must evaluate under 20 CFR 404.1527.") Thus, the Court does not find that the ALJ erred in not evaluating the VA disability determination under 20 C.F.R. 404.1527.

Fisher also unpersuasively argues that the Magistrate Judge erred in finding that the ALJ properly considered the VA disability determination. The only case Fisher cites, *Stewart v. Heckler*, 730 F.2d 1065 (6th Cir. 1984), does not support his objection. The case is one where the court disagreed with the ALJ's denial of benefits based upon a long recitation of his treating physician's opinion, the claimant's testimony, and another medical record. *Id.* at 1067–68. At the end, the Court "note[d]" that the VA marked him totally disabled and found, given that nothing else in the record indicated that Stewart was exaggerating his difficulties, that the claimant was

entitled to benefits. *Id*. at 1068. This case does not mandate that courts give VA disability determinations a particular weight or type of review. Indeed, the court in *Stewart* did not even say what weight, if any, it gave the disability determination. It merely "note[d]" that it was consistent with everything else in the record that supported the claimant's entitlement to benefits. *Id*. In any event, as in *Stewart*, the ALJ in this case "considered the various disability ratings" and assigned them little value because they did not identify specific functional limitations, which was the very thing the ALJ needed to determine. (ECF No. 11-16, PageID.1896.) Further, the ALJ found that, unlike in *Stewart*, the assessment of total disability was *not* supported by the evidence "which thoroughly demonstrates that [Fisher] retains significant functional capabilities." (ECF No. 11-16, PageID.1896.)

Fisher's objection is overruled.

**B.**

Second, Fisher claims that the ALJ did not properly explain the weight he assigned to Fisher's Global Assessment of Functioning (GAF) scores or Dr. Michele Leno's assessment of his mental functioning. The Magistrate Judge disagreed and Fisher objects.

Fisher's argument is difficult to follow. The ALJ *did* state what weight he assigned Dr. Leno's assessment ("significant weight"). (ECF No. 11-16, PageID.1896.) The ALJ also provided an explanation for assigning that weight ("it is generally consistent with the evidence regarding the claimant's sustained level of mental function during the relevant time frame of this decision.") (ECF No. 11-16, PageID.1896.) And Fisher does not explain why the ALJ's explanation was insufficient. Further, even though the GAF scores were assigned by a treating physician, Fisher again does not explain why the ALJ's explanation for the weight he assigned those GAF scores was insufficient. "The Commissioner is required to provide 'good reasons' for discounting the

4

weight given to a treating-source opinion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) And the ALJ *did* state what weight he assigned the various GAF scores ("little value"). (ECF No. 11-16, PageID.1896.) The ALJ also provided an explanation for assigning that weight ("[the scores] only refer to [Fisher's] symptom severity or [Fisher's] level of functioning at the particular moment they were assigned"). (ECF No. 11-16, PageID.1896.) Further, ALJs are "not required to consider" GAF scores. *Keeler v. Comm'r of Soc. Sec.*, 511 F. App'x 472, 474 (6th Cir. 2013) (citation omitted). So, even had the ALJ failed to provide an explanation for discounting the GAF score, which he did not, "[b]ecause the ALJ was not required to consider GAF scores, any failure on the ALJ's part for not explaining his decision to discount those scores in the context of the treating physician rule is harmless." *Brannon v. Colvin*, No. 3:12-CV-00827, 2015 WL 4479708, at *18 (M.D. Tenn. July 21, 2015).

Fisher's second objection is overruled.

### III.

For the reasons stated, Fisher's objections are OVERRULED and the Court ADOPTS the Magistrate Judge's Report and Recommendation granting Defendant's motion for summary judgment (ECF No. 15) and denying Plaintiff's motion for summary judgment (ECF No. 14).

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 22, 2019

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 22, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                                s/William Barkholz
                                                Case Manager